# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 4, 2011

140889

TIMOTHY JONES and CHRYSTAL JONES,
     Plaintiffs-Appellees,

v

DAIMLERCHRYSLER CORPORATION,
     Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 140889
COA: 285099
Macomb CC: 2007-001010-NO

On order of the Court, the application for leave to appeal the January 7, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE that portion of the Court of Appeals decision reinstating one aspect of the plaintiffs' premises liability claim and we REINSTATE the summary disposition ruling of the Macomb Circuit Court. The defendant premises owner did not have a duty to protect the injured plaintiff, an employee of an independent contractor hired to perform construction work on the owner's premises, from the hazardous condition that contributed to the plaintiff's injury, where the defendant delegated to the contractor the task of performing the construction work. *Banaszak v Northwest Airlines, Inc,* 485 Mich 1034 (2010); *Young v Delcor Assoc,* 477 Mich 931 (2006). Moreover, even if premises liability had applied, the injured plaintiff could not have recovered where he was aware of the hazard, and indeed had ordered its creation. *Riddle v McLouth Steel Products Corp,* 440 Mich 86 (1992). The Court of Appeals theory of liability based on the presence, location and design of the hinged metal floor hatch lacks legal and factual merit. The plaintiff, who ordered the hatch to be opened, was not injured by the presence, location and design of the hatch, but rather by falling through the hole that was created when the hatch was opened. An owner of property cannot be held liable under premises liability law for a design of the property that permits an invitee or person in control of the property to create a hazardous condition where none existed before.

MARILYN KELLY, J., would grant leave to appeal.

HATHAWAY, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 4, 2011

_____
Clerk

0201